PER CURIAM.
A police officer, acting on a “suspicious persons” report, responded to a wooded area where four school-aged males, including appellant, were crouched, distributing what the officer believed to be coins. The officer ordered them to “stay where you are.” They all fled. Appellant, discovered hiding under a trailer home not far away, was placed under arrest. He was adjudicated delinquent for obstructing a police officer in the lawful execution of a legal duty. Arguing the correctness of the adjudication, the State contends that the legal duty which the officer was executing was the detention and/or arrest for the crimes of loitering and prowling, theft, and/or unlawfully damaging a vending machine with intent to commit theft.
No evidence was presented by the State in support of any offense. Neither at the time when appellant was ordered to remain where he was nor when he was arrested was there an articulable suspicion that he had committed, was committing, or was about to commit a felony or misdemeanor.
R.L.L. v. State, 466 So.2d 1230 (Fla. 2d DCA 1985), relied upon by the State, is, as appellant argues, clearly distinguishable. In that case the juvenile was in a vehicle with a person who was in apparent violation of a municipal ordinance and drug statute.[1] It was held there that *94 “[although [appellant’s] presence in itself might not have bec-n probable cause sufficient to justify an arrest, the circumstances were such that the officers were entitled to briefly detain appellant while they pursued their investigation.” Id. at 1231. In this case there was no justification for a detention or arrest because of the absence of a reasonable suspicion that laws were being violated. See Lee v. State, 368 So.2d 395 (Fla. 3d DCA) (Schwartz, J., specially concurring) (one can resist unlawful arrest without violence), cert. denied, 378 So.2d 349 (Fla.1979); Lowery v. State, 356 So.2d 1325 (Fla. 4th DCA 1978) (same); Marshall v. State, 354 So.2d 107 (Fla. 2d DCA) (same), cert. denied, 436 U.S. 920, 98 S.Ct. 2270, 56 L.Ed.2d 762 (1978). There was, therefore, no lawful duty being carried out by police officers which appellant could have obstructed.
Reversed.

. In R.L.L., appellant and a woman were seated in a parked car. When police officers on patrol approached the vehicle, the woman attempted to hide an object which the officers could see was an open can of beer. Having the open beer can in the car was a violation of a municipal ordinance. When the woman was asked for identification she opened and searched her purse, revealing what one of the officers recognized as a marijuana bag. The officers asked both people to step out of the car and began to *94 read them their Miranda rights. Appellant ran away shortly after the rights were read.