505 So.2d 14 (1987)
B.H., a Juvenile, Appellant,
v.
The STATE of Florida, Appellee.
No. 85-1344.
District Court of Appeal of Florida, Third District.
April 7, 1987.
*15 Bennett H. Brummer, Public Defender, and Bruce A. Rosenthal, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Charles M. Fahlbusch, Asst. Atty. Gen., for appellee.
Before HUBBART and DANIEL S. PEARSON and JORGENSON, JJ.
DANIEL S. PEARSON, Judge.
The order under review withheld adjudication of delinquency and placed the appellant in community control under HRS supervision upon a finding by the trial court that the appellant had obstructed without violence an officer in the execution of a lawful duty, namely, the officer's investigation of the offense of disorderly conduct. We reverse the order with directions to enter a judgment of acquittal upon the holdings that (1) the summoning of the police to a shopping plaza in reference to "a disturbance in the parking lot area" did not, of itself, give them a reasonable, founded suspicion, based on objective facts, that any offense had been, was being, or was about to be committed; (2) even if, arguendo, there existed any reasonable, founded suspicion, based on objective facts, concerning some offense, an officer's conclusion that the appellant was "involved" in the undescribed "disturbance," unsupported by any articulated reason for the conclusion, does not constitute a reasonably founded suspicion that the appellant had violated, was violating, or was about to violate any law; (3) the foregoing propositions being so, there was no basis for a temporary detention of the appellant under Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), and the appellant's actions of walking away from the police officers, ignoring their directions to return, and refusing to answer their questions or to cooperate in their investigation cannot constitute obstruction of justice. C.K. v. State, 487 So.2d 93 (Fla. 3d DCA 1986). While "[t]here is nothing in the Constitution which prevents a policeman from addressing questions to anyone on the streets[,] [a]bsent special circumstances, the person approached may not be detained or frisked but may refuse to cooperate and go on his way." Terry v. Ohio, 392 U.S. at 33, 88 S.Ct. at 1886, 20 L.Ed.2d at 913 (White, J., concurring). Those special circumstances  a reasonable suspicion, based on objective facts, that the individual is involved in criminal activity  are simply not present here.
Reversed with directions.