PER CURIAM.
Appellant appeals his adjudication of delinquency for obstructing a police officer contrary to section 843.02, Florida Statutes (1987). We reverse, finding that the facts in this case do not rise to the level of obstructing a police officer.
The sheriff was called by an irate tenant at an apartment complex, about an altercation at the complex swimming pool. Appellant and others were being “rowdy” and splashing the tenants while they were trying to sun and read.[1] Two deputy sheriffs responded to the call and talked to the complainant. The appellant and the others had left the pool area, but later were located in the apartment laundromat. Appellant and his friend were not placed under arrest nor were they advised that arrest was imminent. One of the deputies admitted that the appellant was not being officially detained and that he was free to leave.
The deputies attempted to talk to appellant and his friend. Appellant refused to answer any questions so the deputy turned to his companion to ask him some questions. Appellant told his friend not to answer the questions. Under the circumstances, the pair were free to decline to answer questions.[2] The deputy asked appellant to keep quiet but she did not tell him he was free to leave nor did she ask him to leave. Appellant continued to advise his friend not to say anything. The deputy was frustrated in her questioning by appellant’s repeated admonitions so she placed him under arrest for interfering with her investigation. There is no evidence in the record that appellant made any physical overtures toward the deputies in any way. There is no evidence that he *1027 was verbally abusive toward the deputies nor is there any evidence that he verbally threatened them.[3] While his actions were frustrating and annoying, we are unprepared to say that under the circumstances of this case they sufficiently impeded the deputies so as to constitute a violation of this criminal statute. See generally, the cases collected in Annot., What Constitutes Obstructing or Resisting an Officer, In the Absence of Actual Force, 44 ALR 3d 1008 (1972), including this court’s decision in English v. State, 293 So.2d 105 (Fla. 1st DCA 1974); compare Johnson v. State, 433 So.2d 648 (Fla. 2d DCA 1983). See also, B.H. v. State, 505 So.2d 14 (Fla. 3d DCA 1987); and C.K. v. State, 487 So.2d 93 (Fla. 3d DCA 1986).
REVERSED.
SMITH, C.J., and JOANOS and ZEHMER, JJ., concur.

. Appellant lives with his mother at the apartment complex.

. Jacobson v. State, 476 So.2d 1282, 1285 (Fla.1985); see also Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

. By our recitation of the absence of these facts, we do not imply that these facts must be present to constitute "obstruction.”