## STALLINGS v STATE OF FLORIDA

### Case No. 88-66 AP

Fourth Judicial Circuit, Duval County

July 13, 1989

**APPEARANCES OF COUNSEL**

**James T. Miller,** Assistant Public Defender, for appellant.

**Emmet Ferguson,** Assistant State Attorney, for appellee.

### OPINION OF THE COURT

MAJOR B. HARDING, Circuit Judge.

Appellant appeals his convictions and sentences for Indecent Exposure of Sexual Organs, Section 800.03, Florida Statutes, Lewd and Lascivious Conduct, Section 798.02, Florida Statutes, Loitering and Prowling, Section 856.021, Florida Statutes and Opposing and Obstructing a Police Officer, Section 601.106, Municipal Code, City of Jacksonville. After a jury verdict of guilty on all these charges, Appellant received a Thirty (30) day concurrent sentence for all the charges except Opposing a Police Officer. On that charge, Appellant received a Two (2) day concurrent sentence. A detailed summary of

the facts is not necessary and the Court will discuss the relevant facts as to each individual issue.

Appellant raised seven issues on appeal. Four of these issues have merit and the Court will discuss each of them. On the three remaining issues, this Court affirms the ruling of the trial court. Appellant initially argued the trial court erred in not granting Appellant's challenge for cause on a prospective juror. The juror indicated that because of her prior experiences, she wasn't sure if she could be impartial on the charges of Exposure of Sexual Organs or Lewd and Lascivious Behavior by masturbating. Although the trial court made a noble attempt to dispel any doubts about the juror, if there is any reasonable doubts about the juror, a trial court should grant a challenge for cause. *Singer v State,* 109 So.2d 7 (Fla. 1959). The facts of this case are almost identical to *Price v State,* 538 So.2d 486 (Fla. 3d DCA 1989). In *Price, supra,* the Third District held that a trial court's questioning of a juror did not remove the doubts about his partiality. As in this case, the juror told the defense attorney that he wasn't sure if he could be impartial, but told the trial judge he could be fair. Under these circumstances, there was a doubt about the juror and the cause challenge should have been granted. Therefore, Appellant's convictions for Lewd and Lascivious Behavior, Exposure of Sexual Organs and Loitering and Prowling are reversed and remanded for a new trial.

The Court vacates and sets aside the conviction for Obstructing and Opposing a Police Officer because the trial court should have granted the Motion for Judgment of Acquittal. The facts at trial established that although Appellant initially ran from a police officer, he immediately stopped once the officer ordered him to do so. Mere flight from a police officer is not opposing or obstructing him in his legal duty, if the defendant complies with the officer's request to stop or otherwise follow his directions. *See C.K. v State,* 487 So.2d 93 (Fla. 3d DCA 1986). The facts of this case are substantially similar to *Nelson v State,* 14 FLW 1355, 2d DCA, May 31, 1989. The Second District in *Nelson* held that a person cannot obstruct the police if he immediately complies with the lawful commands of an officer. Appellant did stop once he was ordered to, so the Motion for Judgment of Acquittal should have been granted.

Although this Court has already reversed the remaining charges for a new trial, it is appropriate to discuss two other issues raised by Appellant to prevent error from reoccurring in a new trial. Over objection, the trial court permitted evidence, on the Exposure of Sexual Organs and Lewd and Lascivious Behavior charges, about the victim's feelings on these crimes. The evidence included the fact that the victim

4

could not sleep because of this incident; the State also introduced evidence that the victim felt "dirty" and scared. Such evidence was irrelevant to the charges and were improper appeals for sympathy for the victim. *See Gomez v State*, 415 So.2d 822 (Fla. 3d DCA 1982). The trial court also erred in restricting Appellant's closing argument to twenty (20) minutes. Although twenty (20) minutes may be appropriate in some misdemeanor cases, the number of charges and the factual and legal complexity of them made the twenty (20) minute restriction in this case an unreasonable burden on counsel. *Cash v Culver*, 122 So.2d 179 (Fla. 1960); *Foster v State*, 464 SO.2d 1214 (Fla. 3d DCA 1984). Upon retrial, the court should give defense counsel at least thirty (30) minutes for closing argument, if counsel feels such time is necessary.

Appellant's conviction for Opposing and Obstructing a Police Officer is vacated and set aside and Appellant is discharged from that offense. The convictions for Loitering/Prowling, Lewd and Lascivious Behavior and Exposure of Sexual Organs are reversed and remanded for a new trial.

DONE AND ORDERED, in Chambers, at Jacksonville, Duval County, Florida, this 13th day of July, A.D., 1989.