559 So.2d 413 (1990)
F.E.C., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 88-02932.
District Court of Appeal of Florida, Second District.
April 11, 1990.
Robert E. Jagger, Public Defender, and John E. Napolitano, Asst. Public Defender, Clearwater, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Michele Taylor, Asst. Atty. Gen., Tampa, for appellee.
PATTERSON, Judge.
F.E.C., a child, was charged in an amended delinquency petition with having unlawfully obstructed a law enforcement officer in the execution of his legal duty by running away from the officer. We reverse.
On May 21, 1988, F.E.C. and another child were observed at 12:30 a.m. by Deputy Sheriff Burnham, who was driving a fully marked police cruiser. As he made a U-turn, they disappeared from sight. He then observed them at the end of a deadend street and illuminated the area with a spotlight. They ran into a trailer park. On observing them again in the trailer park, he illuminated his flashing lights and identified himself as a deputy sheriff. They ran again. A K-9 unit was called and F.E.C.'s companion was taken into custody. F.E.C. was subsequently identified and charged.
*414 Burnham testified that he wanted to talk to the boys because they were in a business district in which burglaries had occurred in the recent past. He conceded that he had no reports of immediate crime in the vicinity and that he had no suspicion that they were doing anything wrong. He simply wanted to find out what they were doing in the area. Both F.E.C. and his companion, in statements made after a Miranda warning, admitted that they knew they were running away from a police officer but were doing so to avoid getting in trouble with their parents for being out late.
An individual may be guilty of unlawfully obstructing an officer if he flees while knowing of the officer's intent to detain him and the officer is justified in making a stop pursuant to the Stop and Frisk Statute. M.C. v. State, 450 So.2d 336 (Fla. 5th DCA 1984). This is true because the flight frustrates the officers' statutory right to make the stop and attending inquiries. Flight alone, however, does not constitute obstructing an officer, nor does it give rise to a well-founded suspicion of criminal activity. Nelson v. State, 543 So.2d 1308 (Fla. 2d DCA 1989). Likewise, flight accompanied by knowledge of the officers' intent to detain does not constitute obstructing absent a well-founded suspicion in the mind of the officer. C.K. v. State, 487 So.2d 93 (Fla. 3d DCA 1986).
In this case, Deputy Burnham had no suspicion that F.E.C. had committed, was committing, or was about to commit a felony or misdemeanor. F.E.C.'s knowing flight to avoid confrontation by the officer, therefore, did not constitute unlawfully obstructing an officer in the legal exercise of his duty and his motion for judgment of acquittal should have been granted by the trial court.
The judgment and sentence of the lower court is vacated with directions that F.E.C. be discharged.
DANAHY, A.C.J., and SCHOONOVER, J., concur.