DIAMANTIS, Judge.
J.R., a juvenile, appeals the trial court’s order of disposition which found that J.R. committed the offenses of battery,[1] resisting an officer without violence,[2] and battery on a law enforcement officer.[3] We affirm the trial court’s order relative to the offenses of battery and battery on a law enforcement officer because the record contains sufficient evidence that J.R. battered the victim and later battered a law enforcement officer while she was in the process of arresting J.R.; however, we reverse the trial court’s finding that J.R. committed the offense of resisting an officer without violence, which was based on J.R.’s refusal to give his name to the police prior to being arrested. In Robinson v. State, 550 So.2d 1186, 1187 (Fla. 5th DCA 1989), we held that a defendant’s failure to cooperate with the police by refusing to answer questions or identify himself by name cannot itself be criminal conduct consistent *127 with fourth and fifth amendment protections.[4]
We note that the state could have charged J.R. with resisting an officer with violence based on J.R.’s conduct after he was arrested; however, this conduct cannot provide a basis for affirming the trial court’s finding that J.R. committed the offense of resisting an officer without violence because resisting an officer without violence is not a necessarily lesser included offense of resisting an officer with violence. See Benjamin v. State, 462 So.2d 110, 111 (Fla. 5th DCA 1985).
Accordingly, we affirm the order of disposition as to the offenses of battery and battery on a law enforcement officer but reverse as to the offense of resisting an officer without violence.
AFFIRMED in part; REVERSED in part.
HARRIS, C.J., and PETERSON, J., concur.

. § 784.03, Fla.Stat. (1991).

. § 843.02, Fla.Stat. (1991).

.§§ 784.03, 784.07(2)(b), Fla.Stat. (1991).

. U.S. Const, amends. IV, V.