634 So.2d 169 (1994)
Kenneth A. THOMPSON, Appellant,
v.
STATE of Florida, Appellee.
No. 92-1353.
District Court of Appeal of Florida, First District.
February 9, 1994.
Roberto A. Arias, Jacksonville, for appellant.
Robert A. Butterworth, Atty. Gen., Amelia L. Beisner, Asst. Atty. Gen., Tallahassee, for appellee.
WOLF, Judge.
Kenneth Thompson appeals from a final judgment and sentence following a jury trial in which appellant was convicted of grand theft of an automobile. Appellant raises two issues, only one of which has merit and needs to be discussed herein: Whether the trial court erred in allowing the state to introduce evidence that appellant refused to provide booking information after he was arrested. We find error and reverse.
The victim reported his truck missing from his car dealership at about 7:00 p.m. on December 20, 1991. Officer Horne of the Orange Park Police Department received the *170 report with a description of the truck and the tag number. At approximately 8:20 p.m. on that same date, the officer saw a vehicle fitting the description; he followed it and confirmed the tag number, then pulled the vehicle over.
The appellant was arrested and put in the patrol car. The officer found appellant to be intoxicated, and when appellant was advised that the truck was stolen, he started banging his head on the window of the patrol car. The officer testified that prior to pulling the truck over, the driving pattern of the truck was fine. The officer was asked what he did with the appellant after arresting him, and he replied, "We went to the rear of the Orange Park police station and I attempted to conduct my booking sheet but he refused to give me information I had to get."
The defense objected on the basis of improper admission of evidence of postarrest silence and violating appellant's right against self-incrimination. There was no testimony as to when appellant was advised of his Miranda rights.
The appellant testified at trial that he had been picked up by a friend named Gary Palmer, who drove appellant to a Winn Dixie where they met another man. Appellant said he discovered that Palmer was there to buy drugs, and that he wanted to go somewhere else to look for drugs. Appellant said he did not want to be involved, so he drove off in the truck.
The state argues that appellant had no "right" to refuse to answer the officer's request for booking information because the information requested was nontestimonial in nature. The state relies on the cases of Rhode Island v. Innis, 446 U.S. 291, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980), and Pennsylvania v. Muniz, 496 U.S. 582, 110 S.Ct. 2638, 110 L.Ed.2d 528 (1990), as well as State v. Foster, 562 So.2d 808, 810 (Fla. 5th DCA 1990), which provide for an exemption from Miranda warnings for routine booking questions. The Florida Supreme Court has also stated that routine booking questions are not designed to lead to an incriminating response, and therefore, Miranda warnings are not required. See also Allred v. State, 622 So.2d 984 (Fla. 1993). None of these cases, however, dealt with commenting on a defendant's refusal to answer booking questions.
The only case we find which appears to focus on this issue is Green v. State, 784 P.2d 1360 (Wyo. 1989), where the Supreme Court of Wyoming held that a comment on the defendant's failure to answer booking questions was not a comment on the right to remain silent. Although Florida courts have not addressed the issue directly, Florida cases have made clear that courts must prohibit all evidence or argument that is fairly susceptible of being interpreted by the jury as a comment on the right of silence. State v. Smith, 573 So.2d 306 (Fla. 1990). The scope of the right to be free from the state commenting on the exercise of silence is not tied to whether Miranda warnings have been given or are even necessary. Lee v. State, 422 So.2d 928 (Fla. 3d DCA 1982), rev. denied, 431 So.2d 989 (Fla. 1983); Webb v. State, 347 So.2d 1054 (Fla. 4th DCA 1977), cert. denied, 354 So.2d 986 (Fla. 1977).[1]
It is not reasonable to assume that if a jury is told that a person refuses to give his name and address that the jury would not also infer that the person refused to give information concerning the criminal incident. Any comment concerning appellant's postarrest silence may be perceived by the jury as evidence of defendant's guilt. In addition, while the police may not perceive the answers to be incriminating, appellant may feel the answers could lead to incriminating information. Thus, silence as to these questions may involve the exercise of the right against self-incrimination. For instance, in this case, the appellant may have perceived that identifying himself might be incriminating, as the stolen car was taken only a few blocks from his father's house.
Allowing testimony concerning postarrest silence constituted error. We also cannot find it to be harmless error. The key *171 issue in this case is the reasonableness of appellant's explanation as to the stolen goods. We cannot say beyond a reasonable doubt that the wrongful admission of testimony concerning appellant's silence did not affect the jury's determination as to that issue. State v. DiGuilio, 491 So.2d 1129 (Fla. 1986).
Reversed and remanded for new trial.
ZEHMER, C.J., and MINER, J., concur.
NOTES
[1] The record is silent as to whether appellant was ever given Miranda warnings which might have induced his silence. See Lee v. State, supra.