719 So.2d 29 (1998)
Kevin G. BURKES, Appellant,
v.
STATE of Florida, Appellee.
No. 97-00552.
District Court of Appeal of Florida, Second District.
September 16, 1998.
*30 James Marion Moorman, Public Defender, and Bruce P. Taylor, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Tonja R. Vickers, Assistant Attorney General, Tampa, for Appellee.
WHATLEY, Judge.
Kevin Burkes appeals his judgments and sentences for delivery of cocaine, possession of cocaine, and obstructing or opposing an officer without violence. We affirm, but we write to address Burkes' obstruction conviction.
The basis of the obstruction charge was Burkes' refusal to give his name to law enforcement officers after he had been arrested for the drug offenses. The record is unclear as to whether Burkes had been read his Miranda[1] rights at the time he refused to reveal his identity. The question presented by this case is whether an arrestee's right to remain silent allows him to refuse to give his identity to law enforcement when asked. The most compelling argument we discern for answering this question in the affirmative is that the right to remain silent means just that and has no exceptions. We, nevertheless, conclude that after an individual has been lawfully arrested, he must provide his name or otherwise identify himself when asked by law enforcement officers.
An individual may properly refuse to give his name or otherwise identify himself to law enforcement when he has not been lawfully arrested, see Burgess v. State, 313 So.2d 479 (Fla. 2d DCA 1975), and prior to a lawful arrest. See J.R. v. State, 627 So.2d 126 (Fla. 5th DCA 1993). However, after a lawful arrest, an individual is compelled to provide his identity. In Allred v. State, 622 So.2d 984, 986 (Fla.1993), the supreme court addressed this issue and stated: "We find however that routine booking questions[FN9] do not require Miranda warnings because they are not designed to lead to an incriminating response; rather, they are designed to lead to essential biographical data.[FN10]" The footnoted portions of the above quote identify an arrestee's name as being routine booking information and further state that routine booking questions do not violate the constitutional protection against self-incrimination as they do not constitute interrogation.
Our decision in this case is not in conflict with Thompson v. State, 634 So.2d 169 (Fla. 1st DCA 1994). Thompson holds that it is improper to allow comment on a defendant's refusal to answer booking questions because "[a]ny comment concerning appellant's postarrest silence may be perceived by the jury as evidence of defendant's guilt." 634 So.2d at 170. As with the charge of felon in possession of a firearm, the solution is to, upon request, sever the obstruction charge so that the jury is not influenced in its deliberations on the remaining charges by the defendant's refusal to answer booking questions.
Lastly, we note that section 843.02, Florida Statutes (1992), entitled "Resisting officer without violence to his or her person" is the proper statute with which to charge an individual with obstruction for failure to give their name or otherwise identify themselves. See Caines v. State, 500 So.2d 728 (Fla. 2d DCA 1987).
Accordingly, we affirm Burkes' convictions and sentences.
Affirmed.
FRANK, A.C.J., concurs.
BLUE, J., dissents with opinion.
BLUE, Judge, dissenting.
I respectfully dissent. I believe the majority opinion correctly analyzed the issue when it recognized "that the right to remain silent means just that and has no exceptions." This court, as well as others, has held that silence in the face of police questioning is constitutionally protected. See Charton v. State, 23 Fla. L. Weekly D1655 (Fla. 4th *31 DCA July 15, 1998); Thompson v. State, 634 So.2d 169 (Fla. 1st DCA 1994); J.R. v. State, 627 So.2d 126 (Fla. 5th DCA 1993); Robinson v. State, 550 So.2d 1186 (Fla. 5th DCA 1989); Burgess v. State, 313 So.2d 479 (Fla. 2d DCA 1975). The majority reads Allred v. State, 622 So.2d 984 (Fla.1993), for the proposition that post-arrest silence may be prosecuted criminally, while pre-arrest refusal to answer questions is permissible. I agree that routine booking questions do not require a Miranda[2] warning. See Allred, 622 So.2d at 987. It is also true that Miranda warnings are not required when identification is requested during a consensual encounter or a Terry[3] stop. But, as set forth in the above opinions, refusal to answer when asked one's name does not constitute a crime. I can think of no logical reason that would convert noncriminal pre-arrest silence into a crime after arrest, nor do I read Allred to support that proposition. I would thus reverse Burkes' conviction for resisting arrest without violence.
Having determined that the conviction for resisting arrest without violence should be reversed, the question arises whether Burkes' other convictions were tainted by improper comment on his silence. See Thompson, 634 So.2d at 170 (finding that police officer's testimony that defendant had refused to answer booking question was impermissible evidence of defendant's exercise of constitutional right to remain silent). Had the testimony been limited to Burkes' refusal to give his name, I might be persuaded that this was harmless error. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986). However, the arresting officer also testified that Burkes had refused to answer any questions. Defense counsel objected and requested a mistrial, which was denied. Because the resisting arrest without violence charge arose from Burkes' silence, the State was allowed to argue this fact to the jury in summation. Because the evidence and argument on Burkes' post-arrest silence may have been perceived by the jury as evidence of Burkes' guilt on all charges and may have improperly influenced the jury in its deliberations, I would reverse and remand for a new trial on the charges of delivery of cocaine and possession of cocaine.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
[2] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
[3] Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).