731 So.2d 75 (1999)
Carrine Sue FOURNIER, Appellant,
v.
STATE of Florida, Appellee.
No. 97-02151.
District Court of Appeal of Florida, Second District.
April 7, 1999.
*76 James Marion Moorman, Public Defender, and Jennifer Y. Fogle, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Susan D. Dunlevy, Assistant Attorney General, Tampa, for Appellee.
PATTERSON, Acting Chief Judge.
Carrine Fournier challenges her judgment and sentence for drug offenses and resisting an officer without violence. She correctly contends that the trial court erred in denying her motion to suppress evidence.
At the suppression hearing, Officer Mort testified that on November 30, 1996, Fournier attracted his attention because she was standing in the parking lot of a closed Fina station. When Officers Mort and Keiser drove by twenty-five minutes later, at about 8:40 p.m., she was still there. Although the officers considered Fournier's presence at the gas station to be "suspicious," the officers did not have a reasonable suspicion of criminal activity to conduct a Terry[1] stop. The trial court found that the officers approached her and initiated a consensual encounter. She gave the officers a false name, date of birth, age, and address. When the officers checked the address and determined that it was not a residence, they placed her in custody for resisting arrest without violence. A search incident to arrest revealed drugs and paraphernalia.
The State contends that the false answers Fournier gave during the encounter gave the police probable cause to arrest her. Under section 843.02, Florida Statutes (1995), a conviction for resisting arrest without violence requires that "(1) the officer was engaged in the lawful execution of a legal duty; and (2) the action by the defendant constituted obstruction or resistance of that lawful duty." S.G.K. v. State, 657 So.2d 1246, 1247 (Fla. 1st DCA 1995). "[T]he use of mere words can be a violation of section 843.02 when a suspect provides false information to a police officer during a valid arrest or Terry stop." D.G. v. State, 661 So.2d 75, 76 (Fla. 2d DCA 1995) (footnote omitted). This *77 court explained, however, that this rule "does not obligate a person to give his or her correct identity to an officer unless that person is legally detained." Id. (citing Steele v. State, 537 So.2d 711 (Fla. 5th DCA 1989)). Here, the record provides no evidence that Fournier gave any false information after a legal detention.
Furthermore, because the arrest was unlawful, the search incident to arrest was invalid; therefore, the evidence discovered from that search must be suppressed. See Johnson v. State, 395 So.2d 594, 596 (Fla. 2d DCA 1981) (citing Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963)). Thus, the trial court should have granted Fournier's motion to suppress, and she is entitled to discharge.
Reversed.
FULMER and GREEN, JJ., Concur.
NOTES
[1] Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).