903 So.2d 1003 (2005)
Danny ST. JAMES, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-1551.
District Court of Appeal of Florida, Second District.
May 20, 2005.
James Marion Moorman, Public Defender, and John C. Fisher, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Katherine Coombs Cline, Assistant Attorney General, Tampa, for Appellee.
FULMER, Judge.
Danny St. James challenges his convictions for burglary of a structure and obstructing or resisting without violence. We affirm the burglary conviction because the issue raised on appeal was not preserved. We reverse and remand with directions to discharge St. James on the obstructing without violence conviction because *1004 we agree that the evidence was insufficient to support the charge.
The information alleged that St. James committed burglary by entering "a storage facility . . . [which was] the property of that certain business entity known as Work Force . . . the said structure at the time not open to the public . . . ." The trial testimony showed that the Work Force building contained an office, a waiting room and a separate room where laborers could park their bicycles. St. James was seen leaving the Work Force building with a bicycle belonging to another laborer. Later when a uniformed patrolman was investigating the bicycle theft, he approached a group of ten or fifteen people and asked if anyone had seen Danny St. James. The officer did not say why he was looking for St. James and did not state that he was conducting an investigation. A man, later identified as St. James, told the officer: "I don't know no St. James." This remark became the basis for the charge of resisting or obstructing an officer without violence.
St. James argues that there was insufficient evidence presented for the burglary charge because the structure was open to the public at the time of the alleged burglary. Although this point was not specifically argued to the trial court in his motion for judgment of acquittal, he asserts that this court should reverse because his counsel's failure to preserve the issue was ineffective assistance of counsel on the face of the record. We reject this argument because we are unable to say that the defense attorney was ineffective on the face of the record. The evidence does not conclusively demonstrate whether the structure was open to the public at the time of the burglary; therefore, whether counsel was constitutionally deficient in failing to argue such in the motion for judgment of acquittal requires further development of the record. Accordingly, we affirm on this issue without prejudice to any right St. James may have to raise his ineffective assistance claim in a postconviction motion pursuant to Florida Rule of Criminal Procedure 3.850.
St. James also argues that the State failed to show that he knew an investigation was underway and that he intended to obstruct the officer when he told the officer, "I don't know no St. James." The State asserts that the evidence was sufficient to show that the officer was engaged in the lawful execution of a legal duty in that he was investigating the bike theft and St. James obstructed the lawful duty because his response delayed the officer's investigation.
We agree that the evidence was insufficient to support the charge of obstructing an officer without violence. In D.G. v. State, 661 So.2d 75, 76 (Fla. 2d DCA 1995), this court stated that a suspect can commit the offense of obstructing a police officer without violence by providing false information to a police officer during a valid arrest or Terry stop, but the court noted that "[t]his rule . . . does not obligate a person to give his or her correct identity to an officer unless that person is legally detained." Here, St. James was not legally detained when he denied his identity. Although the officer had probable cause to arrest St. James at the time, the officer did not convey that fact to the group, and there was no showing that St. James knew that the officer intended to detain him. Therefore, we reverse the conviction for obstructing without violence based on insufficient evidence. See D.M. v. State, 681 So.2d 797 (Fla. 2d DCA 1996); D.G., 661 So.2d 75; S.G.K. v. State, 657 So.2d 1246, 1248 (Fla. 1st DCA 1995); Harris v. State, 647 So.2d 206, 208-09 (Fla. 1st DCA 1994).
*1005 Affirmed in part, reversed in part, and remanded.
WALLACE and LaROSE, JJ., Concur.