17 So.3d 1258 (2009)
S.N.J., Appellant,
v.
STATE of Florida, Appellee.
S.F., Appellant,
v.
State of Florida, Appellee.
Nos. 2D08-3672, 2D08-3673.
District Court of Appeal of Florida, Second District.
September 18, 2009.
James Marion Moorman, Public Defender, and Matthew D. Bernstein, Assistant Public Defender, Bartow, for Appellants.
*1259 Bill McCollum, Attorney General, Tallahassee, and Katherine Coombs Cline, Assistant Attorney General, Tampa, for Appellee.
LaROSE, Judge.
S.N.J. and S.F. appeal their adjudications and dispositions for resisting an officer without violence. Because the trial court should have granted their motions for judgment of dismissal, we reverse.
A private security guard saw S.N.J., S.F., and two companions in the parking lot of an apartment complex. Apartment leases contained a no-loitering policy; the complex, however, had no posted no-loitering or no-trespassing signs. Upon questioning, the juveniles refused to give their names and addresses to the guard. He escorted one off the property and called the police to issue trespass warnings to the others. The juveniles were engaged in no criminal or otherwise suspicious activities. When a police officer arrived, one juvenile stated that he lived in the complex; the officer escorted him home. The officer returned and repeatedly asked S.N.J. and S.F. for their names and addresses, intending only to issue a trespass warning. In rather vulgar terms, S.N.J. and S.F. refused. The officer arrested them.
Section 843.02, Florida Statutes (2007), states in relevant part:
Whoever shall resist, obstruct, or oppose any officer ... in the lawful execution of any legal duty, without offering or doing violence to the person of the officer, shall be guilty of a misdemeanor of the first degree.
To secure a conviction, the State must show that: (1) the officer was engaged in the lawful execution of a legal duty and (2) the defendant's action constituted obstruction or resistance of the lawful duty. Slydell v. State, 792 So.2d 667, 671 (Fla. 4th DCA 2001).
The trial court ruled that the officer was engaged in the lawful execution of a legal duty when he attempted to issue a trespass warning. The officer claimed to have been unable to issue the warnings without names. Thus, S.N.J.'s and S.F.'s refusal to identify themselves constituted an obstruction of the officer's duty. We review the denial of motions for judgment of dismissal de novo. See G.T.J. v. State, 994 So.2d 1182 (Fla. 2d DCA 2008).
Section 810.09(1)(a)(1), Florida Statutes (2007), requires that notice be given before a person can be guilty of trespassing on property other than a structure or conveyance. S.N.J. and S.F. could be legally detained for trespassing only if they were first warned to leave the property. See In the Interest of B.M., 553 So.2d 714, 716 n. 2 (Fla. 4th DCA 1989) (explaining that the crime of trespass on unposted land does not occur until after trespasser is warned to depart and fails to do so). Section 810.09(2)(b) provides that any person authorized by the property owner may give the requisite warning. When attempting to issue a trespass warning to S.N.J. and S.F., the officer acted as the property owner's agent, not in an official capacity. See Rodriguez v. State, ___ So.3d ___ (Fla. 2d DCA 2009) (holding that property owners and lessees can give officers authority to issue such warnings); J.M.C. v. State, 962 So.2d 960, 962 (Fla. 4th DCA 2007) (Klein, J., concurring specially) (stating that property owner had a right to ask defendant to leave his property, the defendant had the right as well as the duty to do so, and the officer's agreement to convey the trespass warning did not convert it into a legal duty); B.M., 553 So.2d at 715 (holding that officer is authorized by the property owner to issue trespass warnings).
*1260 The officer could have asked the juveniles to leave the property, thereby giving them a warning under the statute, without knowing their names. See Slydell, 792 So.2d at 673 (holding that until the officer had a reasonable suspicion of trespassing, defendant could refuse to give his name). He did not; thus, neither S.N.J. nor S.F. was guilty of trespassing under section 810.09(1)(a)(1), and no sufficient cause existed to detain them. See Slydell, 792 So.2d at 671 ("A mere `hunch' that criminal activity may be occurring is not sufficient" for an investigatory stop.).
That the apartment complex had a no-loitering policy in its leases does not validate S.N.J.'s and S.F.'s detention. See id. at 672 (holding an officer's bare suspicion that a person is trespassing insufficient for an investigatory stop and detention, even when coupled with an agreement between the property owner and the police for officers to stop and investigate unfamiliar persons); B.M., 553 So.2d at 715 (holding that police authority absent posted trespass warning "was limited to conveying an order to depart the premises"). The record does not indicate that the juveniles knew of the policy. At most, the officer's encounter with S.N.J. and S.F. was consensual. See Popple v. State, 626 So.2d 185, 186 (Fla.1993).
An individual may refuse to identify herself to a police officer when she has not been lawfully detained. See A.F. v. State, 912 So.2d 374, 376 (Fla. 2d DCA 2005); Fournier v. State, 731 So.2d 75, 76-77 (Fla. 2d DCA 1999); Burkes v. State, 719 So.2d 29, 30 (Fla. 2d DCA 1998). Further, to support a conviction under section 843.02, "with limited exceptions, physical conduct must accompany offensive words." Francis v. State, 736 So.2d 97, 99 (Fla. 4th DCA 1999) (footnote omitted). Words alone rarely, if ever, amount to an obstruction. See D.A.W. v. State, 945 So.2d 624, 626 (Fla. 2d DCA 2006); Francis, 736 So.2d at 99; D.G. v. State, 661 So.2d 75, 76 (Fla. 2d DCA 1995).
The officer was merely acting as an agent of the property owner to issue a trespass warning. Until the officer asked S.N.J. and S.F. to leave and they refused, they were entitled to refuse to identify themselves.
Accordingly, we reverse the adjudications and dispositions. Our resolution moots the juveniles' issues concerning the imposition of costs.
Reversed.
VILLANTI and WALLACE, JJ., Concur.