MORRIS, Judge.
 

 Jesus Sauz appeals his judgments and sentences for lewd battery and resisting an officer without violence. Sauz raises several issues on appeal, but we find merit only in his argument that the trial court erred by denying his motion for judgment of acquittal as to the resisting an officer without violence charge.
 

 I. Facts
 

 Sauz was charged with lewd battery after he had sex with a thirteen-year-old girl. The resisting an officer without violence charge arose after Sauz lied about his identity to Detective Sherry Doty, the detective investigating the lewd battery. At the time Detective Doty went to Sauz’s home to talk to him, she was dressed in plain clothes, although she was wearing her badge and identified herself as an officer. She admitted that she did not have a warrant to arrest Sauz and did not go to his home with the intent to detain him. Rather, Detective Doty testified that she went there merely to see if he would cooperate with the investigation.
 

 When Detective Doty arrived, there were several men at the location; Detective Doty did not have a photograph of Sauz and did not know his identity. Detective Doty did not tell the men why she was looking for Sauz. However, when Detective Doty began questioning the men, Sauz provided a false name, Jesus Martinez, and a false date of birth. Sauz also told Detective Doty that Sauz was in Texas. Detective Doty left the home at that time. Detective Doty testified that Sauz’s provision of the false name and the false date of birth slowed her investigation.
 

 Eventually, Detective Doty was able to contact Sauz on his cell phone and arranged for him to come in to speak with her. Thereafter, Sauz was charged with and convicted of the crimes. On the lewd battery charge, he was sentenced to 94.6 months in prison as a sex offender. On the resisting an officer without violence charge, he was sentenced to time served.
 

 II. Analysis
 

 On appeal, Sauz contends that the trial court erred by denying his motion for judgment of acquittal on the resisting an officer without violence charge. He contends that the evidence was insufficient to prove the commission of this crime because he was not under arrest or being lawfully detained at the time he provided the false information and that, therefore, he was not resisting the lawful execution of a legal duty.
 

 We review the denial of the motion for judgment of acquittal under the de novo standard of review.
 
 See Jackson v. State,
 
 18 So.3d 1016, 1025 (Fla.2009). In doing so, we view the evidence in the light most favorable to the State.
 
 See id.
 

 The elements of resisting an officer are as follows: (1) the officer must be engaged in the lawful execution of a legal duty and (2) the defendant’s actions constitute obstruction or resistance of that lawful duty.
 
 See
 
 § 843.02, Fla. Stat. (2005);
 
 Fournier v. State,
 
 731 So.2d 75, 76 (Fla. 2d DCA 1999). “[A] suspect can commit the offense of obstructing a police officer without violence by providing false information to a police officer during a valid arrest or
 
 Terry[
 

 1
 

 ]
 
 stop....”
 
 St. James v. State,
 
 903 So.2d 1003, 1004 (Fla. 2d DCA 2005) (citing
 
 D.G. v. State,
 
 661 So.2d 75, 76 (Fla. 2d
 
 *228
 
 DCA 1995));
 
 see also Fournier,
 
 731 So.2d at 76. However, “ ‘[t]his rule ... does not obligate a person to give his or her correct identity to an officer unless that person is legally detained.’”
 
 St. James,
 
 903 So.2d at 1004 (alteration in original) (quoting
 
 D.G.,
 
 661 So.2d at 76);
 
 see also Fournier,
 
 731 So.2d at 76.
 

 In this case, Detective Doty was engaged in the lawful execution of a legal duty because she was investigating the lewd battery.
 
 See V.L. v. State,
 
 790 So.2d 1140, 1142 (Fla. 5th DCA 2001);
 
 Francis v. State,
 
 736 So.2d 97, 99 n. 1 (Fla. 4th DCA 1999). However, pursuant to this court’s holding in
 
 St. James,
 
 Sauz was not lawfully detained and, therefore, his provision of the false name and date of birth did not constitute the crime of resisting an officer without violence.
 

 In
 
 St. James,
 
 an officer was investigating the theft of a bicycle and when he arrived on scene, there was a group of men standing nearby. 903 So.2d at 1004. Although the officer asked the men whether they had seen St. James, he [the officer] did not explain why he was looking for St. James or even that he was conducting an investigation.
 
 Id.
 
 Even though the officer had probable cause to arrest St. James at that time, the officer did not convey that information to the group of men and there was no showing that St. James knew the officer intended to detain him.
 
 Id.
 
 St. James denied knowing anyone by that name.
 
 Id.
 
 Despite the fact that St. James provided patently false information to the officer, this court determined that such conduct did not amount to obstruction because St. James was not legally detained at the time.
 
 Id.
 

 In this case, while Sauz provided patently false information to Detective Doty, he did so at a time when he was not lawfully detained or subject to a
 
 Terry
 
 stop. Much like the facts of
 
 St. James,
 
 Detective Doty testified that she was investigating the lewd battery and merely went to Sauz’s home to see if he would cooperate with the investigation. Detective Doty further admitted that she did not intend to detain Sauz and did not explain why she was there. In addition, there is no indication that Sauz thought he was being detained by Detective Doty.
 

 Although the State asks this court to consider receding from
 
 St. James,
 
 we decline to do so. Instead, we apply
 
 St. James
 
 and hold that the State failed to provide sufficient evidence that Sauz committed the crime of resisting an officer without violence and further that the trial court erred by denying Sauz’s motion for judgment of acquittal. We therefore reverse Sauz’s conviction for resisting an officer without violence and remand for proceedings in conformance with this opinion.
 
 [2]
 

 Affirmed in part, reversed in part, and remanded.
 

 DAVIS and WALLACE, JJ., Concur.
 

 [1]
 

 .
 
 Terry v. Ohio,
 
 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).
 

 [2]
 

 . Because we are reversing this conviction on the basis that Sauz’s conduct did not amount to resisting an officer without violence, it is unnecessary to address Sauz's other argument that the State failed to prove the date on which the offense occurred.