MARSTILLER, J.
At issue in this Anders[1] appeal is whether M.M. was correctly adjudicated delinquent for resisting an officer without violence where the evidence shows he was neither under arrest nor being detained when he refused to give his name or identification to the requesting officer. We reverse the adjudication because M.M.’s refusal to identify himself did not constitute obstruction or resistance.
On the evening of December 9, 2009, M.M. and a group of youngsters visited a Jacksonville-area Starbucks which is located in a shopping center anchored by a Publix supermarket. While there, the group got into a loud disagreement with another patron over a twenty dollar bill to which a girl in the group claimed ownership. M.M. did not initially take part in the dispute but at some point spoke angrily to the patron involved and to another who tried to help defuse the situation. No threats were made and no physical contact of any kind occurred. The shift supervisor, Ustacia Smith, eventually persuaded the group to stop the commotion and go outside. She testified that M.M., at her request, ushered out the two in the group causing the “main problems.” In the meantime, law enforcement was called.
By the time Sheriffs Department Officer Erica Valente arrived, the disturbance had ended and the group was sitting quietly outside the Starbucks at a table on or near the sidewalk. Officer Valente first went inside the establishment to find out what had occurred then went outside to ask the group to leave. “After a lot of protest and cursing and yelling,” all the youngsters except sixteen-year-old M.M. left the area as requested by the officer. At first, M.M. refused to leave. But Officer Valente kept coaxing him to leave, “giving him a lot of leeway because I knew he was young, you know, trying to stay [sic] face.” She told him, “I am begging you. Please do not make me take you to jail.” When Officer Valente made it clear she wanted M.M. to leave the shopping center altogether, he began walking away from the Starbucks, though still insisting he did not have to leave. She followed M.M. as he walked “extremely slowly” toward the Publix, passing several of the shopping center businesses along the way. M.M. was “inside of Publix” when Officer Valente asked his name and for identification. When M.M. twice refused to give his name and claimed he had no identification on him, Officer Valente arrested him for resisting without violence and for trespass. M.M. only was charged with the former.
The crime of resisting an officer without violence is a misdemeanor and occurs when one “resist[s], obstructs], or oppose[s] any officer ... in the execution of legal process or in the lawful execution of any legal duty, without offering or doing violence to the person of the officer.... ” § 843.02, Fla. Stat. (2009). To sustain a conviction or delinquency adjudication, the state must show (1) the officer was lawfully executing a legal duty, and (2) the defendant’s action constituted obstruction or resistance of that legal duty. See S.G.K v. *616 State, 657 So.2d 1246, 1247 (Fla. 1st DCA 1995). “If a police officer is not engaged in executing process on a person, is not legally detaining that person, or has not asked the person for assistance with an ongoing emergency that presents a serious threat of imminent harm to person or property, the person’s words alone can rarely ... rise to the level of obstruction.” D.G. v. State, 661 So.2d 75, 76 (Fla. 2d DCA 1995). Providing false information to a police officer during a valid arrest or Terry[2] stop can rise to that level. See Sauz v. State, 27 So.3d 226, 227 (Fla. 2d DCA 2010). But failing to give one’s correct identity is not a crime unless the person is legally detained. See id. at 228; Burkes v. State, 719 So.2d 29, 30 (Fla. 2d DCA 1998).
M.M. was not under arrest or otherwise lawfully detained when he declined to give Officer Valente his name or provide identification. Although M.M. had refused to leave the area when the officer first arrived on the scene, he ultimately complied with the officer’s request. The disturbance at Starbucks had ended, the group had dispersed, and M.M. had walked, albeit slowly, a substantial distance away. Officer Valente had invited — indeed, be-seeched — M.M. to leave, indicating he would not be arrested if he did so, and then essentially escorted him away from the scene. At no time was M.M. under lawful detention. Thus he was free to refuse to identify himself to the officer.
We reached a similar conclusion in R.S. v. State, 531 So.2d 1026 (Fla. 1st DCA 1988), in which a juvenile was arrested for refusing to respond to sheriffs deputies investigating a disturbance. The deputies were called to an apartment complex because a rowdy group of youths were raising a ruckus in the swimming pool area. R.S. and his friends had left the pool area by the time the deputies arrived and eventually were found in the apartment laundromat. The deputies neither arrested the youths nor told them they were being detained prior to questioning them. When one of the deputies attempted to question R.S. and another youth, R.S. refused to answer and repeatedly told his friend to do the same. As a result, the deputy arrested R.S. for interfering with her investigation. In reversing R.S.’s delinquency adjudication for resisting an officer without violence, we recognized his behavior was “frustrating and annoying.” Id. at 1027. But in view of all the circumstances, we found that refusing to answer the deputies’ questions and encouraging his friend to stay mum did not “sufficiently impede[] the deputies so as to constitute a violation of [section 843.02].” Id.
In the instant case, M.M. was not being detained when asked to identify himself, and Officer Valente’s investigation into the Starbucks disturbance had long since ended. Consequently, M.M.’s refusal to provide his name or identification did not obstruct the officer in executing a legal duty. We therefore reverse M.M.’s adjudication for resisting an officer without violence.
REVERSED.
WEBSTER and LEWIS, JJ., concur.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).