**DISTRICT COURT OF APPEAL, FIRST DISTRICT**
**2000 Drayton Drive**
**Tallahassee, Florida 32399-0950**
**Telephone No. (850)488-6151**

February 22, 2019

**CASE NO.: 1D14-2449**
L.T. No.: 13000005CFMXAX

| Devin Lee Bass | v. | State of Florida |
|---|---|---|
| Appellant / Petitioner(s), | | Appellee / Respondent(s) |

**BY ORDER OF THE COURT:**

ORDER ON MOTIONS FOR REHEARING AND REHEARING EN BANC

Neither the motion for rehearing nor Judge Makar's latest dissent on the merits identifies points of law or fact that the court has overlooked or misapprehended. Therefore, the January 7, 2019 motions for rehearing and rehearing en banc are denied.

RAY and WINSOR, JJ., concur.

MAKAR, J., dissenting from denial of rehearing and rehearing en banc.

Confusion and conflict. That's what now exists in this district because the panel's decision parts ways with precedent, including *M.M. v. State*, 51 So. 3d 614 (Fla. 1st DCA 2011), as Bass's motions for rehearing and rehearing en banc persuasively demonstrate. The panel majority holds that a person's failure to give a correct name to a law enforcement officer constitutes the crime of obstruction under section 843.02, Florida Statutes, whether the person was lawfully detained or not. According to the majority, Bass could have been a suspect in lawful custody, a potential witness, or a mere passerby or onlooker at the time of his fib. Doesn't matter: he gave an incorrect name (which, by the way, didn't fool the officer or hinder his investigation) and thereby committed the crime of obstruction. But wait. *M.M.* says that under section 843.02, "failing to give one's *correct identity* is not a crime *unless the person is legally detained*." 51 So. 3d at 616 (emphasis added). Bass, too, failed to give a *correct identity*, but the majority says it is a crime because "it does not matter" whether he was legally detained or not. It's a head scratcher how this case and *M.M.* can cohabitate in the same district. This case also butts heads with our sibling courts. Direct and irreconcilable conflict now exists with districts that have held no criminal liability attaches for giving a false name (or failing to give a correct identity) unless done while lawfully detained; even the State sides with Bass on this point, saying it "agrees that the Second District Court of Appeal's holding in *Sauz v. State*, 27 So. 3d 226 (Fla. 2d DCA 2010)[,] that legal detention is required" in this case. That's been the standard statewide, one from which the panel decision departs. Because of the express and direct conflict that now exists, our supreme court ought to clear up this newly-created muddle.

**I HEREBY CERTIFY** that the foregoing is (a true copy of) the original court order.

Served:

Trisha Meggs Pate, AAG          Hon. Ashley B. Moody, AG
Donna A. Gerace, AAG           Michael Ufferman
Virginia Chester Harris, AAG    Matthew Pavese, A.A.G.
Kaitlin Weiss, AAG             Hon. Donald C. Spencer, Clerk


co

KRISTINA SAMUELS, CLERK

