509 So.2d 1365 (1987)
STATE of Florida, Appellant,
v.
Leslie W. PARISH, Jr., Kenneth A. Finelli, Lisa O. McAdams, Gary R. Feldshaw and Edward W. Agnew, Appellees.
No. 86-32.
District Court of Appeal of Florida, Second District.
July 22, 1987.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Peggy A. Quince, Asst. Atty. Gen., Tampa, for appellant.
Robert E. Jagger, Public Defender, New Port Richey, for appellees.
CAMPBELL, Judge.
The County Court of Pasco County found section 843.06, Florida Statutes (1985) unconstitutionally vague and overbroad. The state appeals.
The statute provides:
Whoever, being required in the name of the state by any officer of the Florida Highway Patrol, police officer, beverage enforcement agent, or watchman, neglects or refuses to assist him in the execution of his office in a criminal case, *1366 or in the preservation of the peace, or the apprehending or securing of any person for a breach of the peace, or in case of the rescue or escape of a person arrested upon civil process, shall be guilty of a misdemeanor of the second degree, punishable as provided in 775.082 or 775.083.
The county court found the statute unconstitutionally vague and overbroad because it found that a person of common intelligence could not ascertain what conduct was proscribed. See State v. Buckner, 472 So.2d 1228 (Fla. 2d DCA 1985). The court also found that the statute placed far too much discretion in the officer. We disagree. We believe that the statute is neither vague nor overbroad.
To avoid being vague, the language of a statute must convey "sufficiently definite warning as to the proscribed conduct when measured by common understanding and purpose." Id. at 1229. It must "give reasonable notice that a person's conduct is restricted by the statute." Buckner, 472 So.2d at 1229.
The words of section 843.06, when given their common meaning, do not render the statute unconstitutionally vague. The statute simply provides that whenever an individual is asked by an officer, in his official capacity, to assist the officer in his official duties (including preserving the peace, apprehending or securing a suspect or assisting in the rescue or preventing the escape of a person arrested for civil process), the individual must do so, or he will be guilty of a second degree misdemeanor. Simply, one must assist an officer in the performance of the officer's duties when asked by the officer to do so. We do not believe that this is unconstitutionally vague. Given their common meaning, the words of the statute make its meaning clear. The statute is thus sufficiently definite to warn a person of common intelligence that one must not refuse or neglect to aid an officer who asks for assistance.
Neither is the statute overbroad. A statute is overbroad only if it may be applied to conduct protected by the first amendment. Southeastern Fisheries Association, Inc. v. Department of Natural Resources, 453 So.2d 1351, 1353 (Fla. 1984). Since doing or not doing an act requested by an officer is not a constitutionally protected activity, the statute here is not overbroad.
Finally, the statute does not give law enforcement officers too much latitude in exercising their discretion. Since the statute merely requires an individual to assist if requested to do so, an officer may only arrest an individual who, having been asked to assist, fails to assist. This statute gives officers no more discretion than does section 843.02, Florida Statute (1985) (Resisting Arrest), which has been held constitutional. Dreske v. Holt, 536 F.2d 105 (5th Cir.1976). The officer there is given discretion to determine just what constitutes obstruction or opposition to arrest. We see no constitutional distinction between the two statutes. It is not necessary that the statute specify every conceivable factual situation that might trigger its application in order to avoid the constitutional problem of vagueness or overbreadth.
For these reasons, we reverse the order of the county court finding section 843.06, Florida Statutes (1985) unconstitutional and remand for proceedings consistent herein.
SCHEB, A.C.J., and SCHOONOVER, J., concur.