556 So.2d 453 (1990)
Vernette WILKERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 88-3138.
District Court of Appeal of Florida, First District.
January 26, 1990.
*454 Michael E. Allen, Public Defender, and P. Douglas Brinkmeyer, Deputy Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Virlindia A. Sample, Asst. Atty. Gen., Tallahassee, for appellee.
ZEHMER, Judge.
Vernette Wilkerson appeals her conviction on the sole ground that the trial court's refusal to suppress both evidence seized from her and statements made by her incident to her arrest violated her constitutional rights because the criminal statute she was arrested for violating is overbroad and unconstitutionally infringes on her right to free speech.
The incident giving rise to the charges against Wilkerson occurred on May 15, 1988, at the corner of Georgia and Macomb Streets in Tallahassee, an area known for numerous and frequent illicit drug transactions. Deputy sheriffs made some controlled buys and several officers proceeded to the area to arrest the sellers. The officers ordered the persons making the sales, and other persons standing around them as well, to lie on the ground while the officers searched all of them for weapons. Wilkerson emerged, yelling and cursing, from a crowd of people across the street and told the officers they had no business being there. An officer told her, at least two times, to leave the area because she was interfering with their efforts to make the arrests, but she refused to leave and continued cursing and yelling at them. Other bystanders began yelling at and cursing the officers. After Wilkerson refused to leave, an officer arrested her on a charge of obstructing an officer in the performance of his duties and conducted a search. She was charged by information with four offenses: (1) possession of crack cocaine, in violation of section 893.13(1)(f); (2) possession of cannabis, in violation of section 893.13(1)(g); (3) possession of illicit drug paraphernalia, in violation of section 893.147; and (4) obstruction of a law officer in the execution of his legal duties without offering or doing violence to such officer, in violation of section 843.02.[1]
Wilkerson moved to suppress certain statements she made to the officers and certain evidence found incident to her arrest and search. She argued a lack of probable cause to arrest her for obstructing an officer, and that her conduct at the time was not unlawful because she was only exercising her constitutional right to free speech. The motion to suppress was denied. Her nolo plea, reserving the right to appeal this ruling, was accepted by the court and judgment of conviction was entered.
The sole issue stated in appellant's brief is whether "appellant's arrest for opposing or obstructing a police officer was illegal because section 843.02, Florida Statutes, is overbroad in violation of the Fourteenth Amendment to the United States Constitution and Article 1, Section 9, of the Florida Constitution." Section 843.02 provides as follows:
843.02 Resisting officer without violence to his person.  Whoever shall obstruct or oppose any such officer, beverage enforcement agent, weight and safety officer of the Department of Transportation, member of the Florida Parole and Probation Commission or any administrative aide or supervisor employed by said commission, parole and probation supervisor or parole and probation officer employed by the Department of Corrections, personnel or representative of the Department of Law Enforcement, or legally authorized person in the execution of legal process or in the lawful execution of any legal duty, without offering or doing violence to the person of the officer, shall be guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.
(emphasis added.)
Wilkerson relies primarily upon the recent Supreme Court decision in City of *455 Houston v. Hill, 482 U.S. 451, 107 S.Ct. 2502, 96 L.Ed.2d 398 (1987), to support her argument that this statute is unconstitutionally overbroad. In Hill, the Court invalidated as overbroad a Houston ordinance providing that
It shall be unlawful for any person to assault, strike or in any manner oppose, molest, abuse or interrupt any policeman in the execution of his duty, or any person summoned to aid in making an arrest.
482 U.S. at 455, 107 S.Ct. at 2506. The Court characterized the issue before it as "whether a municipal ordinance that makes it unlawful to interrupt a police officer in the performance of his or her duties is unconstitutionally overbroad under the First Amendment." 482 U.S. at 453, 107 S.Ct. at 2505. The Court found the language of the ordinance proscribing an assault upon or the striking of an officer had been preempted by the state's penal code, and thus concluded that the enforceable portions of the ordinance clearly and unambiguously prohibit verbal interruptions of police and thereby deal with speech rather than core criminal conduct. The Court reasoned that the statute was not susceptible to any limiting construction that would save it from impermissibly curtailing the right of free speech under the First Amendment. That amendment, the Court stated, requires that police officers respond with restraint in the face of verbal challenges to police action, as "a certain amount of expressive disorder not only is inevitable in a society committed to individual freedom, but must itself be protected if that freedom would survive." 482 U.S. at 471, 107 S.Ct. at 2515.
Wilkerson argues that section 843.02 similarly operates to prohibit her exercise of free speech, which under Hill includes her right to curse police officers in the performance of their duties when she disagrees with them, so long as her words and conduct do not amount to "fighting words." See Hill, 482 U.S. at 461-62, 107 S.Ct. at 2509. She argues that section 843.02 was given a construction in this case that renders it invalid in that she was arrested for violating the statute only because she was yelling at and cursing the officers, not because she was otherwise interfering with the performance of their duties.
We note that in Dreske v. Holt, 536 F.2d 105 (5th Cir.1976), cert. denied, 429 U.S. 1061, 97 S.Ct. 785, 50 L.Ed.2d 777 (1977), section 843.02 was challenged as facially unconstitutional for not giving fair notice of the prohibited conduct and the court upheld the validity of the statute citing, among other cases, Colten v. Kentucky, 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1972). In Hill the Court distinguished its holding in Colten because the Houston ordinance "in no way resembles the law upheld in Colten." City of Houston v. Hill, 482 U.S. at 465, 107 S.Ct. at 2511. However, neither Dreske nor Colten involved the precise issue presented here, as the pivotal question before us is whether section 843.02 impermissibly prohibits or proscribes protected free speech under the guise of supposed interference with an officer.
We do not construe the language of section 843.02 as reaching protected free speech. The statute uses only two operative words, i.e., "obstruct or oppose" an officer. The word "obstruct" means "to interfere with, impede, or retard," American Heritage Dictionary of the English Language, p. 907 (1979 ed.), and in this sense contemplates acts or conduct apart from verbal expressions, which operate to physically hinder or impede another in doing something. The word "oppose" has a broader definition, i.e., (1) "To be in contention or conflict with; combat; resist: oppose the enemy force"; and (2) "To be against; be hostile to: oppose new ideas." Id. at 922. Thus, the word "oppose" can be used to connote either (1) conduct or acts of physical resistance and opposition, or (2) verbal expression of conflicting or differing ideas; but obviously its use in the first sense does not connote the second sense. We have no doubt that the use of "oppose" in conjunction with "obstruct" manifests a clear and unambiguous legislative intent to proscribe only acts or conduct that operate *456 to physically oppose an officer in the performance of lawful duties. Thus, we agree with the state's argument that this statute may be given a limiting construction that avoids the overbreadth deficiency found in the Houston ordinance by the Court in Hill.
In the instant case, Wilkerson was not arrested for merely yelling at and cursing the officers. She was arrested only after she refused to leave the area where the officers were attempting to make arrests and determine that no weapons were on the persons being searched, and because the officer considered her physical presence was obstructing or impeding him in the performance of his duty. Therefore, the statute was not necessarily given a construction that rendered it invalid. Police officers may lawfully demand that citizens move on and away from the area of a crime without impermissibly infringing upon the citizen's First Amendment rights. Colten v. Kentucky, supra. In Trushin v. State, 425 So.2d 1126 (Fla. 1982), holding the Florida statute prohibiting vote buying was not overbroad in violation of the defendant's First Amendment rights, the Florida supreme court stated:
When, as here, a state regulates conduct as well as speech, the applicable test for overbreadth is stated in Broadrick v. Oklahoma, 413 U.S. 601, 615, 93 S.Ct. 2908, 2917, 37 L.Ed.2d 830 (1973): "where conduct and not merely speech is involved, we believe that the overbreadth of a statute must not only be real, but substantial as well, judged in relation to the statute's plainly legitimate sweep."
425 So.2d at 1130-31. Section 843.02 as construed herein meets this test without any doubt. Although a person's speech may at times be implicated incidentally in the enforcement of this statute, its plainly legitimate sweep is to reach conduct that physically obstructs or opposes an officer in the performance of lawful duties.
AFFIRMED.
ERVIN and NIMMONS, JJ., concur.
NOTES
[1] All statutory references are to Florida Statutes (1987).