FERGUSON, Judge.
S.D., a juvenile, was adjudicated delinquent for obstructing an officer in the execution of his duties and refusing to assist an officer in the execution of his duties. We reverse both adjudications.
On the date of the appellant’s arrest, the Metro Dade Police Department’s Tactical Narcotic Task Force (TNT) was engaged in an operation outside of the appellant’s multifamily residence. The TNT officers first arrested drug dealers in the targeted area and then the officers posed as drug dealers in an effort to arrest prospective drug purchasers. Once the drug dealers were arrested an officer addressed the people in the area on a loudspeaker and advised them of the operation.
*1262 Officer Strachan, while serving as an “eyeball”[1] for the TNT unit, noticed the appellant standing with a group of his peers on the same side of the street as the operation and the prospective buyers, waving at persons walking towards him. In response to the appellant’s actions, the persons who saw him turned around and left the area. After observing the appellant wave three or four times, the officer approached him and stated, “look you know we’re having an investigation going on over here, if I catch you doing it one more time, I’m going to place you under arrest.” In response, the appellant screamed, “f— you, I don’t care if you are the police. You don’t tell me what I can say and do.” Following, and because of that retort, everyone in the area left and the appellant was arrested.
Two arguments were made by the State, to the trial court, in support of the charges: (1) The appellant’s “verbal” conduct — which alerted those in the area that the persons selling drugs were in fact police officers— violated section 843.02, Florida Statutes (1991),[2] which prohibits an obstruction of an officer in the exercise of a lawful duty; and (2) the officer’s instruction to the appellant to stop alerting those in the area of a police presence was a request for aid or assistance which was effectively denied, in violation of section 843.06, Florida Statutes (1991),[3] when the appellant screamed back, “don’t tell me what I can say and do.”
First; the appellant’s verbal protest to police authority was protected free speech. In City of Houston v. Hill, 482 U.S. 451, 461, 107 S.Ct. 2502, 2509, 96 L.Ed.2d 398 (1987), the supreme court held, “Speech is often provocative and challenging ... [But it] is nevertheless protected against censorship or punishment, unless shown likely to produce a clear and present danger of a serious substantive evil that rises far above public inconvenience, annoyance or unrest.” City of Houston v. Hill, at 461, 107 S.Ct. at 2509 (quoting Terminiello v. Chicago, 337 U.S. 1, 4, 69 S.Ct. 894, 895, 93 L.Ed. 1131 (1949)). Hill undertook a balancing of the appellant’s right to freedom of speech, against the government’s interest in apprehending criminals:
Conduct involving only verbal challenge of an officer’s authority or criticism of his actions ... operates, of course, to impair the working efficiency of government agents ... Yet the countervailing danger that would lie in the stifling of all individual power to resist — the danger of an omnipotent, unquestionable officialdom — demands some sacrifice of efficiency.
Hill at 464 n. 12, 107 S.Ct. at 2510 n. 12 (quoting, Note, Obstructing A Public Officer, 108 U.Pa.L.Rev. 388, 406-07 (1960)). Further, any efficiency the police might have attached to secrecy about who was running the open-air drug-selling market was already compromised by the pre-operation broadcast of the fact that the sellers were police officers.
City of St. Petersburg v. Waller, 261 So.2d 151 (Fla.1972), cited by the State, is distinguishable. In Waller the defendant’s conduct was calculated to incite others to violent action against the police. In this case, the verbal and nonverbal conduct of the appellant was calculated only to discourage unlawful action where he lived. In Porter v. State, 582 So.2d 41 (Fla. 4th DCA 1991), also distinguishable, the defendant’s verbal conduct *1263 was calculated to, and did warn those already engaged in criminal activity of the imminent arrival of the police, which assisted the offenders in eluding arrest.
The second district is the only court which has decided what constitutes a refusal to assist an officer in a criminal investigation. In State v. Parish, 509 So.2d 1365 (Fla. 2d DCA 1987), the court upheld the constitutionality of section 843.06, Florida Statutes and, in response to the defendant’s argument that the statute gave law enforcement officers too much latitude in exercising their discretion, clearly delineated the circumstances in which a person may be arrested for violating the statute. It held that “an officer may only arrest an individual who, having been asked to assist, fails to assist.” Id. at 1366. (emphasis added). We agree with Parish.[4]
In this case, the appellant could not have failed to assist the officer in the performance of his duties because the officer never asked the appellant to assist. Instead, the officer’s statement, “if I catch you doing it one more time, I’m going to place you under arrest,” was an order to cease and desist, not a request to assist. Moreover, even if the officer’s command is broadly construed as a request for assistance — to stop waving so that the prospective buyers could approach the officers — the result would be the same. The appellant did not wave again after the officer threatened to arrest him.
Reversed.

. As an "eyeball,” Officer Strachan’s role was to inform bystanders that they were giving away the operation by telling people of the true identity of the officers.

. Section 843.02, Florida Statutes (1991), provides that:
Whoever shall resist, obstruct or oppose any officer ... or other person legally authorized to execute process in the execution of legal process or in the lawful execution of any legal duty, without offering or doing violence to the person of the officer, shall be guilty of a misdemeanor of the first degree.

.Section 843.06, Florida Statutes (1991), provides that:
Whoever, being required in the name of the state by any ... police officer ... neglects or refuses to assist him in the execution of his office in a criminal case, or in the preservation of the peace, or the apprehending or securing of any person for a breach of the peace ... shall be guilty of a misdemeanor of the second degree: (emphasis added).

. Different considerations may be presented where a defendant’s refusal to assist a law enforcement officer is based on concerns for personal safety, the welfare of relatives or friends, or self-incrimination.