RYDER, Judge.
M.M. challenges the trial court’s order finding her guilty and withholding adjudication for resisting an officer without violence in violation of section 843.02, Florida Statutes (1993). She also contends, and the state concedes, that the $50.00 cost assessed pursuant to section 960.20, Florida Statutes (1993), was erroneously imposed because adjudication was withheld. There was sufficient, competent evidence to support the trial judge’s conclusion that the appellant’s refusal to leave, upon repeated request, and continued profane and threatening behavior interfered with the officer’s performance of his lawful duties, and, therefore, constituted a violation of the statute. Thus, we affirm the finding of guilt, but strike the $50.00 cost.
The school resource officer at Pinellas Park High School arrested the appellant during regular school hours while he was attempting to detain an individual suspected of trespass on school grounds. The school guidance counselor had given the officer the trespasser’s description. The officer had apprehended and struggled with the trespasser and was attempting to gain control over him in order to search for any weapons when the appellant, yelling profanities, approached him from the rear and told him to get away from the trespasser. The officer and another witness testified that they thought the appellant was going to jump on the officer’s back from the way she came at him. The officer told the appellant that she needed to back off, get away and leave him alone; he was taking .care of an investigation and she should not interfere. She did not comply and continued to approach as the officer put out his hand to further indicate she should stop. A bystander became involved, and the situation threatened to escalate. The campus monitor then approached and assisted in controlling the trespasser. When the officer turned to the appellant and advised her that she was under arrest, she began to struggle with him.
This case is similar to Wilkerson v. State, 556 So.2d 453 (Fla. 1st DCA), review denied, 564 So.2d 1088 (Fla.1990), where the deputies were in the process of arresting several individuals when the defendant emerged from a crowd, yelling profanities. When the deputies requested at least twice that she leave the area because she was interfering with their efforts to make the arrests, she refused to leave and continued to curse and yell at them. Other bystanders began to become involved. We find the situation in D.G. v. State, 661 So.2d 75 (Fla. 2d DCA 1995), distinguishable because there, the officers were not engaged in the arrest or detention of any individual; they were merely investigating an automobile burglary near the defendant’s home. When D.G. emerged from his home screaming profanities, the officers “arrested D.G. for disorderly conduct because he refused to stop yelling after several warnings.” 661 So.2d at 76. Here, as in Wilkerson, the appellant interfered with the officer’s ongoing efforts to arrest or detain a suspect. We, accordingly, affirm.
The $50.00 cost pursuant to section 960.20 cannot be imposed against juveniles when adjudication is withheld. J.A. v. State, 633 So.2d 108 (Fla. 2d DCA 1994). We note that the legislature has since amended section 960.20 to permit imposition of this cost effective July 1, 1994. Ch. 94-342, § 14, Laws of Fla. However, the incident in question occurred on November 3, 1993, and the cost was assessed on March 3,1994.
Affirmed in part and $50.00 cost stricken.
THREADGILL, C.J., and SCHOONOVER, J., concur.