SCHWARTZ, Chief Judge.
 J.G.D. was adjudicated delinquent for non-violently resisting an arrest based on his failure to obey a police command that he leave an apartment complex where an unruly crowd had gathered while he was visiting a tenant. The order followed J.G.D.’s loud and profane, but likewise non-violent, protest of police actions in investigating a burglary and an ensuing disturbance at the building. The record fails to show that the police order *712 was, in these circumstances, justified by any cognizable wrongdoing on the part of the juvenile, either by his words, H.K. v. State, 711 So.2d 173 (Fla. 3d DCA 1998); K.S. v. State, 697 So.2d 1275 (Fla. 3d DCA 1997); L.A.T. v. State, 650 So.2d 214 (Fla. 3d DCA 1995); S.D. v. State, 627 So.2d 1261 (Fla. 3d DCA 1993), or, as shown by the fact that a trespass charge was abandoned, in his presence at the scene. See § 810.09(l)(a), Fla. Stat. (1997)(definmg trespasser as “[a] person who, without being authorized, licensed, or invited, willfully enters upon or remains in any property other than a structure or conveyance”); Arbee v. Collins, 219 Ga.App. 63, 65, 463 S.E.2d 922, 925 (1995)(“A landlord who arrests and prosecutes a person for trespass without inquiring as to whether the person had a right to be on the premises pursuant to invitation by a tenant does so at his own risk”). Because the order to leave and therefore the arrest for failure to obey that order were each unlawful, the juvenile had every right to resist without violence. § 843.02, Fla. Stat. (1997). The adjudication is therefore
Reversed.