GODERICH, Judge.
A petition for delinquency was filed against H.A.P., a juvenile, alleging that he unlawfully resisted, obstructed or opposed law enforcement officers in the lawful execution of a legal duty without violence, in violation of section 843.02, Florida Statutes (2002). We affirm.
The evidence at the adjudicatory hearing established that approximately fifteen to twenty police and SWAT team officers went to a residence for the purpose of executing a narcotics search warrant. When the officers arrived, they encountered H.A.P., who was standing in parking spaces located in the apartment complex *238 where he resides. H.A.P. was standing directly across the street from the front door of the residence that the police were going to search.
Detective Ellis Casanado, whose primary responsibility was the outer perimeter of the residence that was going to be searched, approached H.A.P. and ordered him to leave the area for his safety. At that point, H.A.P. began to shout profanities. Detective Viejo, the affiant on the warrant, stopped the execution of the warrant, approached H.A.P., and also ordered him to leave the area. H.A.P. once again refused to leave. Police officers ordered H.A.P. in excess of ten times to leave the area. Each time H.A.P. was ordered to leave, he shouted louder and became more profane resulting in a large crowd gathering near the apartment complex. As a result, the SWAT team’s execution of the search warrant was put on hold so that the officers could focus their attention on H.A.P. Thereafter, H.A.P. was ordered to leave the area or face arrest. H.A.P. remained defiant and was arrested.
Following the conclusion of the State’s case-in-chief and after the defense rested, the defense moved for a judgment of acquittal. The defense argued that “obstructive conduct,” not “offensive words,” is necessary for establishing the offense of resisting an officer without violence. The trial court denied H.A.P.’s motions. Thereafter, the trial court found that H.A.P. committed the charged offense, but withheld adjudication and imposed probation. This appeal followed.
H.A.P. contends that the trial court erred by denying his motions for judgment of acquittal where his actions, the use of profanity and refusal to obey the police officers’ orders to leave a public place, were not punishable conduct under section 843.02, Florida Statutes (2002). We disagree.
In order to establish a violation of section 843.02, the State is required to establish that: “(1) the officer was engaged in the lawful execution of a legal duty; and (2) the action by the defendant constituted obstruction or resistance of the lawful duty.” Slydell v. State, 792 So.2d 667, 671 (Fla. 4th DCA 2001). At the adjudicatory hearing, the defense did not dispute the fact that the law enforcement officers were engaged in the lawful execution of a legal duty — the execution of a search warrant. However, the parties did not agree as to whether H.A.P.’s actions “constituted obstruction or resistance of the lawful duty.”
In arguing that his actions did not constitute obstruction or resistance of a law enforcement officer’s lawful duty, H.A.P. relies on this Court’s decision in J.G.D. v. State, 724 So.2d 711 (Fla. 3d DCA 1999). We find that H.A.P.’s reliance is misplaced.
In J.G.D., the police went to an apartment complex to investigate a burglary. By the time the police arrived, an unruly crowd had gathered at the apartment complex. J.G.D. began to loudly and profanely protest the manner in which the police were investigating the burglary. As a result, the police ordered J.G.D. to leave the apartment complex. After J.G.D. refused to leave, he was arrested and charged with resisting an officer without violence. On appeal, this Court reversed the adjudication of delinquency finding that the “record failfed] to show that the police order was, in these circumstances, justified by any cognizable wrongdoing on the part of the juvenile ... by his words....” J.G.D., 724 So.2d at 711-12.
J.G.D. is factually distinguishable from the instant case. H.A.P. was not arrested for merely cursing at law enforcement officers. H.A.P. was arrested because he re *239 fused to leave the nearby area where the SWAT team was attempting to execute a narcotics search warrant. It is important to remember that H.A.P. was standing directly across the street from the front door of the residence that the police were going to search. Therefore, he was in the direct line of fire if the occupants of that residence would have fired weapons upon the SWAT team’s execution of the narcotics search warrant. As such, prior to the execution of the search warrant, the police, in an attempt to secure the outer perimeter, believed, and rightfully so, that it was necessary for H.A.P. to leave the area.[1] See Brown v. Miami-Dade County, 26 Fla. L. Weekly D2844, D2845 (Fla. 3d DCA Dec.5, 2001)(holding that “police officers do owe a duty to exercise reasonable care to protect innocent bystanders ... where their law enforcement activities create a foreseeable zone of risk.”). H.A.P.’s defiance resulted in the police delaying the execution of the narcotics search warrant. Thus, H.A.P.’s actions constituted an obstruction or resistance of a law enforcement officer’s lawful duty, and therefore, the trial court properly found that H.A.P. violated section 843.02, Florida Statute (2002).
We agree with the State that, based on Wilkerson v. State, 556 So.2d 453 (Fla. 1st DCA), review denied, 564 So.2d 1088 (Fla.1990), the trial court properly found that H.A.P. violated section 843.02. In Wilkerson, deputy sheriffs were attempting to arrest several individuals for selling narcotics and to determine whether these individuals had weapons. At that time, the defendant emerged from a crowd that had gathered yelling profanities. A deputy officer then ordered the defendant to leave the area because she was “interfering with their efforts to make the arrests.” Wilkerson, 556 So.2d at 454. After she refused to do so, the defendant was arrested and charged with violating section 843.02, Florida Statutes. In affirming the defendant’s conviction, the Second District Court of Appeal found that the defendant “was not arrested for merely yelling at and cursing officers,” but that she was arrested “because the officer considered her physical presence was obstructing or impeding him in the performance of his duty.” Wilkerson, 556 So.2d at 456. As the Second District held, “[p]olice officers may lawfully demand that citizens move on and away from the area of a crime without impermissibly infringing upon the citizen’s First Amendment rights.” Id.; M.M. v. State, 674 So.2d 883 (Fla. 2d DCA 1996); see also 16 Fla. Jur.2d Criminal Law § 4131 (2001)(“Police officers may lawfully demand that citizens move on and away from the area of a crime without impermis-sibly infringing upon Fúst Amendment rights, and failure to do so may constitute a violation of the statute which forbids resisting or obstructing an officer without violence.”)(footnote omitted).
In the instant case, as in Wilkerson, H.A.P. was not arrested for yelling profanities. Rather, H.A.P. was arrested because his actions interfered with the law enforcement officers’ execution of the search warrant. See Wilkerson, 556 So.2d at 456 (“Although a person’s speech may at times be implicated incidentally in the enforcement of [section 843.02, Florida Statutes], its plainly legitimate sweep is to reach conduct that physically obstructs or opposes an officer in the performance of lawful duties.”) As such, we affirm the order under review.
Affirmed.
COPE, J., concurs.

. As testified to by Detective Casanado, because the subject of the search warrant was still inside of the residence, H.A.P. "placed approximately twenty officers' lives in jeopardy along with himself and the crowd of people across the street."