JORGENSON, Judge,
dissenting.
Until today I had thought that one could ignore the unlawful order of a police officer without incurring criminal liability. My colleagues think otherwise and therefore I respectfully dissent. Violation of section 843.02 requires that the respondent obstruct or oppose the officers in the execution of their duties. By any logical definition [2] of those terms, that simply did not happen here. H.A.P. was lawfully standing in the parking lot of the apartment building in which he lives, across the street from the police activity. His presence there did not obstruct or impede the officers in their execution of the search warrant: he did not threaten — verbally or otherwise — -the officers in any manner; he did not throw anything at them; he did not block their, passage; he did not contaminate a crime scene; and he did not come into any physical contact with the officers prior to his arrest. Execution of the search, and any resulting danger to the officers, was delayed because of the officers’ own reluctance to immediately conduct the search where a bystander could be injured, not because the respondent prevented them from executing the search. The respondent was simply standing in a public area watching the police “who would certainly be a natural object of curiosity.” Alexander v. State, 693 So.2d 670, 673 (Fla. 4th DCA 1997). Clearly his conduct was transformed into a “criminal act” only when the officers requested that he leave the area, and he refused. “Thus, it is premised that under this statute the policeman can convert the character of an event from nonpunishable to punishable by proclamation alone.” State v. Manning, 146 N.J. Super. 589, 370 A.2d 499, 504 (A.D.1977) (Antell, J.A.D., dissenting).
Nor does Brown v. Miami-Dade County, 837 So.2d 414, 415 (Fla. 3d DCA 2001), cited by the majority, justify the respondent’s conviction on the basis that the government was trying to protect the potential plaintiff from injury and itself from liability; in other words, the majority implies, it’s better to arrest a potential plaintiff than face a civil suit. This is not the law. The respondent’s decision to remain in a potentially perilous situation was perhaps unwise, but not criminally punishable. If protection of the wayward bystander is necessary to properly secure a perimeter, the government must find a way of effecting this protection that does not require the arrest and criminal prosecution of those it means to protect, particularly those who are lawfully present on their property.
Because the officers had no legal authority to remove the respondent from the parking lot of his own apartment building, the respondent was well within his constitutional rights to protest their orders to leave the area. See L.A.T. v. State, 650 So.2d 214, 217 (Fla. 3d DCA 1995) (“As we all know, ‘[t]he freedom of individuals to oppose or challenge police action without thereby risking arrest is one of the principal characteristics by which we distinguish a free nation from a police state.’ ”) (quoting City of Houston v. Hill, 482 U.S. 451, 107 S.Ct. 2502, 96 L.Ed.2d 398 (1987)); J.G.D. v. State, 724 So.2d 711 (Fla. 3d DCA 1999) (“Because the order to leave and therefore the arrest for failure to obey that order were each unlawful, the juvenile *241 had every right to resist without violence.”)- The respondent’s verbal protest and concomitant physical presence to voice that protest (so long as he does not physically obstruct the officers’ in the execution of their duties) was protected free speech. See City of Houston v. Hill, 482 U.S. 451, 107 S.Ct. 2502, 96 L.Ed.2d 398 (1987).
As the law is clear that offensive speech cannot constitutionally serve as a basis for violation of section 842.03, see, e.g., W.L. v. State, 769 So.2d 1132 (Fla. 3d DCA 2000) (holding that profane and offensive speech directed to officers is protected under the First Amendment to the United States Constitution), then surely mere presence[3] cannot serve as such a basis. The majority’s construction of section 843.02 stands the statute on constitutionally unstable ground. Wilkerson v. State, 556 So.2d 453 (Fla. 1st DCA 1990), upon which the majority primarily relies[4], runs contrary to the Supreme Court’s decision in City of Houston v. Hill, 482 U.S. 451, 107 S.Ct. 2502, 96 L.Ed.2d 398 (1987). In Wilkerson, the defendant stood across the street from the scene of a narcotics investigation and arrest, cursing and yelling at the officers. Id. at 453. After the officers told the defendant to leave the area, and she refused, the officers arrested the defendant for violation of section 843.02. Id. The officers were not using the area in which she stood; there was no evidence located in the area where she stood; and she was not throwing anything at or coming into any physical contact with the officers. She was simply standing across the street, yelling obscenities. As clearly the officers in Wilkerson sought to remove the defendant from the area simply because she was a nuisance, Wilkerson is at odds with the explicit language used by the Supreme Court in Hill, 482 U.S. 451, 461, 107 S.Ct. 2502, 96 L.Ed.2d 398 (1987): criminal prosecution of speech is constitutional only where the accused’s actions “producefd] a clear and present danger of a serious substantive evil that rises far above public inconvenience, annoyance, or unrest.” Wilkerson also conflicts with this court’s prior decisions. See, e.g., W.L. v. State, 769 So.2d 1132 (Fla. 3d DCA 2000) (“Respondent was ‘punished simply for asserting his right to free speech in what the police considered — and what may well have been- — an offensive manner. But the constitution does not permit that result.’ ”) (quoting L.A.T. v. State, 650 So.2d 214, 217 (Fla. 3d DCA 1995)); J.G.D. v. State, 724 So.2d 711 (Fla. 3d DCA 1999); S.D. v. State, 627 So.2d 1261, 1262 (Fla. 3d DCA 1993). See also R.S. v. State, 531 So.2d 1026 (Fla. 1st DCA 1988).
The interpretation of section 843.02 given by the majority in this case and the First District in Wilkerson renders the statute unconstitutionally overbroad and *242 vague as to the respondent. I would reverse and certify conflict with Wilkerson.

. See, e.g., Woodward v. Gray, 241 Ga.App. 847, 527 S.E.2d 595, 598 (2000) ("To obstruct, resist, or oppose for purposes of obstructing an officer implies forcible resistance and does not mean the refusal to merely obey the police officer's command to move more than eight feet from where the arrest was being made so that the police could perform their duties unimpeded.”).

. By "mere presence,” I mean, of course, that type of presence which does not actually and physically obstruct an officer in the lawful execution of his or her duties. If the respondent had been, for example, blocking officers' access to a crime scene or contaminating evidence with his presence, his presence could be deemed a violation of section 842.03.

. The only other case cited by the majority in support of its opinion is M.M. v. State, 674 So.2d 883 (Fla. 2d DCA 1996), which is factually distinguishable. In M.M., "[t]he officer and another witness testified that they thought the appellant was going to jump on the officer's back from the way she came at him. The officer told the appellant that she needed to back off, get away and leave him alone; he was taking care of an investigation and she should not interfere. She did not comply and continued to approach as the officer put out his hand to further indicate she should stop. A bystander became involved, and the situation threatened to escalate.” Id. at 884 (emphasis supplied). The defendant's threatening gestures toward the officer certainly distinguish M.M. from this case.