945 So.2d 624 (2006)
D.A.W., Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-1499.
District Court of Appeal of Florida, Second District.
December 27, 2006.
*625 James Marion Moorman, Public Defender, and Lisa Lott, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Tonja Rene Vickers, Assistant Attorney General, Tampa, for Appellee.
ALTENBERND, Judge.
D.A.W. appeals an order withholding adjudication of delinquency for obstructing an officer without violence. We reverse. The trial court erred in denying D.A.W.'s motion for judgment of dismissal because the State presented no competent, substantial evidence to support a finding that D.A.W. opposed or obstructed an officer. D.A.W.'s conduct was the type of verbal harassment that, while understandably annoying to any reasonable police officer, does not rise to the level of obstruction necessary to permit a conviction that is not violative of First Amendment principles. We therefore reverse the order withholding adjudication of delinquency.
At the adjudicatory hearing, the State's case rested entirely on the testimony of one Tampa police officer. On September 3, 2004, in the late afternoon, this officer was sent to a residential neighborhood to investigate a robbery in which a group of teenagers had taken a bicycle from another teenager. The officer remained in the general area while he completed his report because the youths were causing a "constant problem." As he was finishing the report, he was dispatched to investigate a fight involving twenty to thirty people at the same location where the robbery had allegedly occurred. As the officer approached the group of people in his marked police car, he observed "kids fighting in the middle of the street." When they saw the police car, they began to "disperse, running."
The officer noticed one youth wielding a beer bottle as a weapon and proceeded to arrest this youth. According to the officer, while he was in the process of arresting the youth, D.A.W. and another person stood at a distance of fifteen to thirty feet away and "harassed" the person in custody, "making threats" and "antagonizing" the youth. The officer told D.A.W. and his friend to leave more than three times, but they did not.
Once the suspect was detained, the officer turned his attention to D.A.W. and his friend and told them he wanted to speak with them "to continue the investigation." Although the officer told the youths this, he had no reason to suspect that D.A.W. or the other youths were involved in the earlier robbery. He did not claim that the street fight was a basis for a Terry[1] stop of D.A.W.; indeed, he had asked the youths to leave after that fight. As the officer tried to approach the boys, the two boys turned away and left. The officer contacted other nearby officers, who ultimately detained D.A.W. and arrested him for obstructing an officer without violence in violation *626 of section 843.02, Florida Statutes (2004).
It is significant to note that the officer did not testify that D.A.W. was threatening the officer or trying to convince any of the youths who had fled to return to harm the officer. The officer did not testify that he feared for his own safety or that D.A.W. was taking actions that caused him to believe that D.A.W. was planning to come any closer to the arrest scene than his distance of fifteen to thirty feet. The officer was not forced to interrupt the arrest process to deal with public safety concerns or other issues arising from D.A.W.'s conduct. The officer's testimony established only that D.A.W. was taunting the juvenile who had been arrested.
In D.G. v. State, 661 So.2d 75 (Fla. 2d DCA 1995), this court explained:
If a police officer is not engaged in executing process on a person, is not legally detaining that person, or has not asked the person for assistance with an ongoing emergency that presents a serious threat of imminent harm to person or property, the person's words alone can rarely, if ever, rise to the level of an obstruction. Thus, obstructive conduct rather than offensive words are normally required to support a conviction [for obstructing an officer without violence].
Id. at 76; see also J.G.D. v. State, 724 So.2d 711 (Fla. 3d DCA 1999) (reversing delinquency for obstruction without violence based upon defendant's failure to obey a police command to leave an apartment complex where an unruly crowd had gathered; holding that "loud and profane" but "non-violent protest," without any other "cognizable wrongdoing," did not justify the police order).
This distinction between verbal harassment and obstructive conduct is not only consistent with the definition of this offense as set forth in section 843.02, but it is also necessary to ensure that the offense as defined does not infringe upon rights of free speech under the First Amendment. See Wilkerson v. State, 556 So.2d 453, 455-56 (Fla. 1st DCA 1990) ("We conclude that the use of `oppose' in conjunction with `obstruct' manifests a clear and unambiguous legislative intent to proscribe only acts or conduct that operate to physically oppose an officer in the performance of lawful duties.").
In this case, the trial court appears to have been confused or misled by the above-quoted explanation in D.G. that refers to a police officer "who is not engaged in executing process on a person." The trial court assumed that if the police officer was arresting the other juvenile while D.A.W. was engaging in harassment, that the arrest situation automatically permitted this charge. The language in D.G., however, was intended to distinguish between a person who was alleged to have opposed or obstructed an officer when the officer's conduct was directed to that person. That is, when the officer is not executing process on that person, legally detaining "that person," or has not asked that person for assistance in an ongoing emergency, then "that person's" actions must normally be physically obstructive, not merely verbally harassing, in order to support a conviction for obstructing an officer without violence. In D.G., we merely explained that section 843.02 applies to situations where a person resists, obstructs, or opposes an officer or any other person who is engaged in the "lawful execution of any legal duty."[2] An arrest *627 situation, particularly one involving the person alleged to have opposed or obstructed the officer, makes it easier to establish that the officer is engaged in the lawful execution of a legal duty. Nevertheless, a person's exercise of free speech, without more, in an open public place while an officer is engaged in the execution of a legal duty must do more than merely irritate, annoy, or distract the officer to constitute a crime.
The evidence from the police officer in this case did not establish that D.A.W. had committed a crime. D.A.W. remained at a distance and did not approach the officer or physically threaten the officer or arrestee, which distinguishes this case from the facts presented in M.M. v. State, 674 So.2d 883 (Fla. 2d DCA 1996) (affirming order withholding adjudication for resisting an officer without violence where defendant approached officer from behind, leading officer and a witness to believe the defendant was going to jump on the officer). Further, D.A.W.'s mere presence at a distance of fifteen to thirty feet away was not impeding the officer's arrest of his suspect. Cf. H.A.P. v. State, 834 So.2d 237 (Fla. 3d DCA 2002) (affirming order withholding adjudication of delinquency for obstructing an officer based upon evidence that H.A.P.'s physical presence impeded police in execution of search warrant and that his verbal harassment began to draw a large crowd). Although in explaining his reason for the arrest the officer used the legal phrase, "exciting the riot," there is no evidence in the record of any group of people who could have been incited to violence, or evidence that the content of D.A.W.'s speech was intended or likely to accomplish this. There is no evidence that D.A.W. made any statements encouraging anyone to take action against the police officer. The State thus failed to present evidence that D.A.W. engaged in obstructive conduct that could support any finding of delinquency. We therefore reverse the order withholding adjudication of delinquency and remand with instructions to discharge D.A.W.
Reversed and remanded.
KELLY, J., and DANAHY, PAUL W., Senior Judge, Concur.
NOTES
[1] Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).
[2] Both sections 843.01 and 843.02, Florida Statutes (2004), in light of the punctuation used in the statutes, could be read to apply broadly to officers, whether or not engaged in the execution of a legal duty, and separately to any "other person" "in the lawful execution of any legal process." The case law does not appear to have ever adopted that approach, and the supreme court has read the statute more narrowly to require the officer to be in the lawful execution of a legal duty. See State v. Henriquez, 485 So.2d 414 (Fla.1986).