[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-14046
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 1, 2011
JOHN LEY
CLERK

D.C. Docket No. 2:08-cv-00806-JES-SPC

JAMES T. DEROSA,
KATHLEEN DEROSA,
LOUIS J. DEROSA,
MARY ELIZABETH DEROSA,

Plaintiffs - Appellees,

versus

SHERIFF OF COLLIER COUNTY, FLORIDA, et al.,

Defendants,

SHAUN M. GEORGE,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 1, 2011)

Before BARKETT, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Deputy Sheriff Shaun George appeals the denial of qualified immunity against Kathleen DeRosa's complaint of false arrest. The district court ruled that George lacked arguable probable cause to arrest DeRosa. We affirm.

Although there is little dispute about the events that led to and occurred during the encounter between George and DeRosa, we view the facts in the light most favorable to DeRosa, as we must do at this stage of the proceedings. See Grider v. City of Auburn, 618 F.3d 1240, 1246 & n.1 (11th Cir. 2010). In 2005, while Deputy George was on patrol on a remote road in Collier County, Florida, he noticed a GMC Yukon vehicle driving on the opposite side of the road using its high beam lights. When the vehicle failed to dim its lights as it drove by George's patrol car, George stopped the vehicle. James DeRosa was driving the car and Kathleen DeRosa was riding in the back seat of the vehicle. Kathleen noticed that George was shaking, agitated, and nervous.

George asked James for his driver's license. Kathleen spoke to James three times about the location of his license and, on each occasion, George told Kathleen to "shut up." Kathleen told George that he "really need[ed] to work on [his] community service skills." George cited James for failing to dim his headlights, Fla. Stat. § 316.238, and James signed the citation using a pencil. After George gave James a copy of the citation, James drove away.

George activated his lights and siren and pursued the DeRosas. Kathleen called "911" and stated that James would stop at a specific gas station two miles away. Kathleen told the operator that she was afraid of George because he was acting aggressively, and Kathleen requested that additional officers meet the DeRosas at the gas station.

After James stopped his vehicle, George instructed another officer to arrest Kathleen. The officer grabbed Kathleen's arm as she climbed out of the vehicle, dragged her to a patrol car, pushed her against the hood to handcuff her, turned her around and pushed her back against the hood, and then shoved her inside a patrol car. Kathleen was charged with obstructing a law enforcement officer without violence, id. § 843.02, but the charge was dismissed.

George lacked arguable probable cause to arrest Kathleen. To support a conviction for obstructing a police officer without violence, the officer must be

"'engaged in the lawful execution of a legal duty'" and the action of the defendant must "'constitute[] obstruction or resistance of that lawful duty.'" Jay v. State, 731 So. 2d 774, 775 (Fla. Dist. Ct. App. 1999) (quoting S.G.K. v. State, 657 So. 2d 1246, 1247 (Fla. Dist. Ct. App. 1995)). Although mere words can violate section 843.02, the words must thwart an officer from performing his official duties:

> [As a] general proposition[,] [i]f a police officer is not engaged in executing process on a person, is not legally detaining that person, or has not asked the person for assistance with an ongoing emergency that presents a serious threat of imminent harm to person or property, the person's words alone can rarely, if ever, rise to the level of an obstruction.

D.G. v. State, 661 So. 2d 75, 76 (Fla. Dist. Ct. App. 1995). Florida courts have long held that criticism cannot support a conviction for obstruction, even if the criticism is insulting or defiant:

> "Conduct involving only verbal challenge of an officer's authority or criticism of his actions . . . operates, of course, to impair the working efficiency of government agents . . . Yet the countervailing danger that would lie in the stifling of all individual power to resist—the danger of an omnipotent, unquestionable officialdom—demands some sacrifice of efficiency."

S.D. v. State, 627 So. 2d 1261, 1262 (Fla. Dist. Ct. App. 1993) (quoting City of Houston v. Hill, 482 U.S. 451, 464 n.12, 107 S. Ct. 2502, 2510 n.12 (1987)).

Kathleen did not come close to obstructing George in the execution of his

4

lawful duties. Kathleen's criticisms of George, even if distracting, did not incite others against, interfere with, or impede George from citing James for his traffic infraction. See R.S. v. State, 531 So. 2d 1026, 1026–27 (Fla. Dist. Ct. App. 1988) (refusal of juvenile to answer questions and instructions to companion not to answer questions, though "frustrating and annoying" did not constitute obstruction). In fact, the record does not suggest that Kathleen even questioned George's authority. See D.G., 661 So. 2d at 76–78 ("protesting loudly and obnoxiously" to officers' investigation, "encouraging his mother not to cooperate," and refusing to answer questions about an associate suspected of burglary did not violate section 843.02); S.D., 627 So. 2d at 1262–63 (announcing the presence of police officers in response to a warning from the officers not to alert persons in the area about a sting operation did not obstruct official duty because those persons already had been warned not to approach officers to purchase drugs).

George argues that he was entitled to arrest Kathleen based on his right to "maintain 'unquestioned command of the situation,'" Maryland v. Wilson, 519 U.S. 408, 414, 117 S. Ct. 882, 886 (1997), but we disagree. The Supreme Court held in Wilson that an officer making a traffic stop may, in the interests of personal safety, order passengers to exit a vehicle until the stop is complete, id. at

5

413–15, 117 S. Ct. at 885–86, but <u>Wilson</u> is distinguishable. Kathleen's remarks were not so disruptive or alarming to warrant removing her from the vehicle to complete the traffic stop.

The denial of George's motion for summary judgment based on qualified immunity is **AFFIRMED**.